UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MICHAEL BEATTIE,

    Plaintiff,

v.

HOLMAN AUTOMOTIVE, INC.,
d/b/a BMW OF FORT LAUDERDALE,
a Florida Profit Corporation,

    Defendant.
_____/

**COMPLAINT**

Plaintiff, MICHAEL BEATTIE ("BEATTIE" or Plaintiff), by and through his undersigned counsel, hereby files this Complaint against Defendant, HOLMAN AUTOMOTIVE, INC., d/b/a BMW OF FORT LAUDERDALE (hereinafter "HOLMAN" or "Defendant") and says:

**JURISDICTION AND VENUE**

1. This action is brought against Defendant for its unlawful employment practices pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII"), § 706(f) (42 U.S.C. § 2000e-5(f)), which incorporates by reference the Civil Rights Act of 1964 codified at 42 U.S.C. §§ 2000e, *et seq.*, and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the

1

actions which give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

## PARTIES

5. Plaintiff is a resident of Miami-Dade County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as sales manager and financial consultant.

6. Plaintiff is an Asian male who experienced disparate treatment, a hostile work environment, and retaliation on the basis of his race and/or national origin. Plaintiff is therefore a member of a class protected under Title VII and the FCRA because the terms, conditions, and privileges of his employment were altered because of his race and/or national origin.

7. Defendant is a Florida corporation registered to do business within Florida, with a car dealership in Fort Lauderdale, Florida where Plaintiff was employed during the relevant time period to this Complaint. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR") pursuant to the work-sharing agreement between the EEOC and the FCHR.

10. Plaintiff filed his charge on or about March 10, 2021, which was no more than 300 days after the last discriminatory event occurred, to wit: February 17, 2021.

11. Plaintiff was issued a Notice of Suit Rights on September 7, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

## GENERAL ALLEGATIONS

12. Plaintiff, an Asian male, worked for Defendant for over ten years until his termination on February 17, 2021.

13. In 2015, Plaintiff worked for Defendant at its Audi car dealership.

14. While working at Audi, Plaintiff met Gene Welsh ("Welsh"), Senior Vice President and John Jones ("Jones"), Assistant General Manager.

15. Both Welsh and Jones showed a clear disdain for Asians by making offensive comments about Asians in Plaintiff's presence on numerous occasions.

16. Upon meeting Welsh and Jones, Plaintiff's upward trajectory of his career path inexplicably changed.

17. Plaintiff was transferred from Audi, a German Brand, to Honda and then to Infiniti, both Asian brands.

18. Prior to his transfer, Plaintiff had only worked with German cars and did not have any experience with Asian cars.

19. While working at Infiniti, Plaintiff was employed as a sales manager.

20. At the time of Plaintiff's transfers to these two dealerships, both dealerships were struggling.

21. Due to its struggles, the Infiniti dealership was ultimately closed in May 2020.

22. Once the Infiniti dealership closed, Plaintiff was assigned to BMW as a finance consultant.

23. Plaintiff's assignment as a finance consultant was a demotion from his position as a sales manager.

24. Plaintiff demotion was not a result of business necessity as other non-Asian employees were being promoted at the time of his demotion.

25. In March 2020, the company culture of hostility towards Plaintiff as the only Asian employee, began to get worse due to the COVID-19 pandemic.

26. Plaintiff was subjected to even more offensive comments and jokes.

27. Plaintiff's Caucasian co-workers were allowed to violate numerous policies with no or very minimal reprimands while Plaintiff's complaints about their violations turned into accusations against him.

28. For example, Plaintiff made a complaint against a co-worker for not wearing his mask at work while it was mandatory to do so. Instead of investigating Plaintiff's complaint against his co-worker, Plaintiff was falsely accused of inappropriate behavior towards that particular co-worker.

29. Plaintiff complained about the disparate treatment he received as an Asian employee by his managers and co-workers.

30. Specifically, Plaintiff complained to Assistant General Manager, Keith Cordeiro ("Cordeiro") on numerous occasions.

31. Cordeiro acknowledged the unfair treatment Plaintiff was subjected to in an email dated August 21, 2020.

32. In a meeting between Jane Garofalo ("Garafalo") from HR, Cordeiro, and Plaintiff on February 10, 2021, Plaintiff renewed his complaints of disparate treatment due to his race and/or national origin.

33. Garofalo and Cordeiro responded to his complaint by laughing at him.

34. Plaintiff was then terminated on February 17, 2021.

35. Even if Defendant had legitimate, non-discriminatory reasons for its actions, Plaintiff's race and/or national origin was, at minimum, a motivating factor in Defendant's disparate treatment of Plaintiff including but not limited to Defendant's decision to terminate Plaintiff [1].

36. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

37. Plaintiff is entitled to reasonable attorneys' fees and costs if he is the prevailing party in this action.

### COUNT I: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (DISCRIMINATION BASED ON RACE)

38. Plaintiff re-alleges and re-avers paragraphs 1 – 37 as fully set forth herein.

39. Plaintiff brings this action under Title VII for damages caused by Defendant's disparate treatment of Plaintiff on the basis of race.

40. Plaintiff is a member of a protected class, to wit, Asian.

41. Plaintiff experienced discriminatory treatment due to his race.

42. Defendant treated Plaintiff less favorably than Plaintiff's non-Asian co-workers. Specifically, Plaintiff was subjected to frequent derogatory comments, jokes, disrespectful and hostile treatment, a demotion, false accusations, and termination due to his race.

---

[1] Plaintiff explicitly reserves the right to argue a mixed-motive theory applies to all counts contained herein.

43. Due to the disparate treatment inflicted on Plaintiff on the basis of his race, Plaintiff was terminated.

44. Defendant's reasons for Plaintiff's termination were pretextual.

45. Even if Defendant had a legitimate, non-discriminatory reasons, Plaintiff's race was, at minimum, a motivating factor in Defendant's adverse employment decisions.

46. Defendant acted with intentional disregard for Plaintiff's rights as an Asian protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of is owners, supervisors and/or other employees.

47. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g) as a direct result of Defendant's discriminatory actions.

48. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff MICHAEL BEATTIE requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate his for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Title VII;

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not

      been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

   c.  The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

   d.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT I: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
## (DISCRIMINATION BASED ON NATIONAL ORIGIN)

49.   Plaintiff re-alleges and re-avers paragraphs 1 – 37 as fully set forth herein.

50.   Plaintiff brings this action under Title VII for damages caused by Defendant's disparate treatment of Plaintiff on the basis of national origin.

51.   Plaintiff is a member of a protected class, to wit, Asian.

52.   Plaintiff experienced discriminatory treatment due to his national origin.

53.   Defendant treated Plaintiff less favorably than Plaintiff's non-Asian co-workers. Specifically, Plaintiff was subjected to frequent derogatory comments, jokes, disrespectful and hostile treatment, a demotion, false accusations, and termination due to his national origin.

54.   Due to the disparate treatment inflicted on Plaintiff on the basis of his national origin, Plaintiff was terminated.

55.   Defendant's reasons for Plaintiff's termination were pretextual.

56.   Even if Defendant had a legitimate, non-discriminatory reasons, Plaintiff's national origin was, at minimum, a motivating factor in Defendant's adverse employment decisions.

57.   Defendant acted with intentional disregard for Plaintiff's rights as an Asian protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized,

condoned, and/or ratified the unlawful conduct of its owners, supervisors and/or other employees.

58. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g) as a direct result of Defendant's discriminatory actions.

59. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff MICHAEL BEATTIE requests that:

e. The Court grant Plaintiff judgment against Defendant to compensate his for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Title VII;

f. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

g. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

h. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
## (HOSTILE WORK ENVIRONMENT)

60.     Plaintiff re-alleges and re-avers paragraphs 1 – 37 as fully set forth herein.

61.     Plaintiff brings this action under the Title VII for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the disparate treatment Defendant's supervisors inflicted on Plaintiff on the basis of race and/or national origin.

62.     Plaintiff is a member of a protected class, to wit, Asian.

63.     Plaintiff was subjected to constant and continual offensive and unwelcomed discriminatory conduct from his supervisors and other non-Asian co-workers, due to his race and/or national origin.

64.     Managers constantly treated Plaintiff less favorably than Plaintiff's non-Asian co-workers. Specifically, Plaintiff was subjected to frequent derogatory comments, jokes, disrespectful and hostile treatment, a demotion, and false accusations due to his race and/or national origin which ultimately led to his termination.

65.     Defendant's repeated and consistent disparate treatment of Plaintiff, was severe and/or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Defendant's managers' and/or other non-Asian employees' conduct was severe and pervasive from both a subjective and objective perspective.

66.     Defendant, including its managers and/or non-Asian employees, acted with intentional disregard for Plaintiff's rights as an Asian protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its managers and non-Asian employees.

67. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII as a direct result of Defendant's discriminatory actions.

68. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff MICHAEL BEATTIE requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate his for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT IV: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 (RETALIATION)

69. Plaintiff re-alleges and re-avers paragraphs 1 – 37 as fully set forth herein.

70. Plaintiff brings this action for retaliation in violation of Title VII.

71. Plaintiff experienced discriminatory treatment because Plaintiff is Asian.

72. Plaintiff complained about the discriminatory treatment due to his race and/or national origin.

73. As a result of Plaintiff's complaints, Defendant terminated Plaintiff.

74. Defendant's reasons for Plaintiff's termination were pretextual.

75. Plaintiff's termination constitutes an adverse employment action under Title VII.

76. Defendant's actions were done with malice, and with disregard for Plaintiff's rights under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its owner, supervisor, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff MICHAEL BEATTIE requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate his for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT V: VIOLATION OF FCRA**
**(DISCRIMINATION BASED ON RACE)**

77. Plaintiff re-alleges and re-avers paragraphs 1 – 37 as fully set forth herein.

78. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), Fla. Stats. § 760.01 *et seq.*, for damages caused by Defendant's disparate treatment of Plaintiff.

79. Plaintiff is a member of a protected class, to wit, Asian.

80. Plaintiff experienced discriminatory treatment due to his race.

81. Defendant treated Plaintiff less favorably than Plaintiff's non-Asian co-workers. Specifically, Plaintiff was subjected to frequent derogatory comments, jokes, disrespectful and hostile treatment, a demotion, false accusations, and termination due to his race.

82. Due to the disparate treatment inflicted on Plaintiff on the basis of his race, Plaintiff was terminated.

83. Defendant's reasons for Plaintiff's termination were pretextual.

84. Even if Defendant had a legitimate, non-discriminatory reasons, Plaintiff's race was, at minimum, a motivating factor in Defendant's adverse employment decisions.

85. Defendant acted with intentional disregard for Plaintiff's rights as an Asian protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its owner and/or other employees.

86. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA.

87. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff MICHAEL BEATTIE requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate his for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI: VIOLATION OF FCRA
## (DISCRIMINATION BASED ON NATIONAL ORIGIN)

88. Plaintiff re-alleges and re-avers paragraphs 1 – 37 as fully set forth herein.

89. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), Fla. Stats. § 760.01 *et seq.*, for damages caused by Defendant's disparate treatment of Plaintiff.

90. Plaintiff is a member of a protected class, to wit, Asian.

91. Plaintiff experienced discriminatory treatment due to his national origin.

92. Defendant treated Plaintiff less favorably than Plaintiff's non-Asian co-workers. Specifically, Plaintiff was subjected to frequent derogatory comments, jokes, disrespectful and hostile treatment, a demotion, false accusations, and termination due to his national origin.

93. Due to the disparate treatment inflicted on Plaintiff on the basis of his national origin, Plaintiff was terminated.

94. Defendant's reasons for Plaintiff's termination were pretextual.

95. Even if Defendant had a legitimate, non-discriminatory reasons, Plaintiff's national origin was, at minimum, a motivating factor in Defendant's adverse employment decisions.

96. Defendant acted with intentional disregard for Plaintiff's rights as an Asian protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its owner and/or other employees.

97. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA.

98. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff MICHAEL BEATTIE requests that:

    a. The Court grant Plaintiff judgment against Defendant to compensate his for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

    b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

    c. The Court award Plaintiff the costs of this action, together with reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

    d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

<b><u>COUNT VII: VIOLATION OF FCRA<br>(HOSTILE WORK ENVIRONMENT)</u></b>

99. Plaintiff re-alleges and re-avers paragraphs 1 – 37 as fully set forth herein.

100. Plaintiff brings this action under FCRA for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the disparate treatment Defendant's supervisors inflicted on Plaintiff on the basis of race and/or national origin.

101. Plaintiff is a member of a protected class, to wit, Asian.

102. Plaintiff was subjected to constant and continual offensive and unwelcomed discriminatory conduct from his managers and other non-Asian co-workers, due to his race and/or national origin.

103. Managers and other non-Asian co-workers constantly treated Plaintiff less favorably than Plaintiff's non-Asian co-workers. Specifically, Plaintiff was subjected to frequent derogatory comments, jokes, disrespectful and hostile treatment, a demotion, and false accusations due to his race and/or national origin which ultimately led to his termination.

104. Defendant's repeated and consistent disparate treatment of Plaintiff, was severe and/or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Defendant's managers' and/or non-Asian employees' conduct was severe and pervasive from both a subjective and objective perspective.

105. Defendant, including its managers and/or non-Asian employees, acted with intentional disregard for Plaintiff's rights as an Asian protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its manager and/or non-Asian employees.

106. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA as a direct result of Defendant's discriminatory actions.

107. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff MICHAEL BEATTIE requests that:

e. The Court grant Plaintiff judgment against Defendant to compensate his for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's

       discriminatory treatment in an amount to be determined at trial and in accordance with FCRA;

    f. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

    g. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

    h. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VIII: VIOLATION OF FCRA
## (RETALIATION)

108. Plaintiff re-alleges and re-avers paragraphs 1 – 37 as fully set forth herein.

109. Plaintiff brings this action for retaliation in violation of FCRA.

110. Plaintiff experienced discriminatory treatment because Plaintiff is Asian.

111. Plaintiff complained about the discriminatory treatment due to his race and/or national origin.

112. As a result of Plaintiff's complaints, Defendant terminated Plaintiff.

113. Defendant's reasons for Plaintiff's termination were pretextual.

114. Plaintiff's termination constitutes an adverse employment action under FCRA.

115. Defendant's actions were done with malice, and with disregard for Plaintiff's rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its owner, supervisors, and/or other employees.

Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff MICHAEL BEATTIE requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate his for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff MICHAEL BEATTIE hereby demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: November 30, 2022.

          LAW OFFICES OF CHARLES EISS, P.L.
          Attorneys for Plaintiff
          7951 SW 6th Street, Suite 112
          Plantation, Florida 33324
          (954) 914-7890 (Office)
          (855) 423-5298 (Facsimile)

By:   /s/ Charles M. Eiss
          CHARLES M. EISS, Esq.
          Fla. Bar #612073
          chuck@icelawfirm.com
          SHANNA WALL, Esq.
          Fla. Bar #0051672
          shanna@icelawfirm.com
          JORGE GONZALEZ, Esq.
          Fla. Bar #1038146
          jorge@icelawfirm.com